No. 12,180.

S. W. VANCE VS. FIRST NATIONAL BANK OF SHREVEPORT.*

The maker of a note pledged by the holder who is unable to pay the debt can in a suit settling the rights between the parties require a return of the note pledged, or claim its value in case it be not surrendered.

Prior decree amended so that the deposit of the notes and deed in court are not required.

As amended prior decree affirmed.

*On Application for Rehearing*—Interest on a stated account on which charges are erroneously made is reduced from 12 per cent. to 5 per cent.

The plaintiff will have credits for the deed of trust and notes of six thousand dollars each, as will, as to their value, be established by testimony, provided there be a timely deposit made in court of these securities.

APPEAL from the Second Judicial District Court for the Parish of Bossier. *Watkins, J.*

---

*Leonard & Randolph* and *F. G. Thatcher* for Plaintiff, Appellee.

---

*Wise & Herndon* for Defendant, Appellant.

---

Argued and submitted June 5, 1896.

Opinion handed down June 20, 1896.

Argued and submitted on application for rehearing November 21, 1896.

---

*The statement of the case (covering the decided points) made by the organ of the court, in the foregoing case (p. 130), having been published without the name of the judge who decided the case, it was concluded to publish the decision in full.—[REPORTER.]

Opinion handed down December 14, 1896.

Opinion handed down on second application for rehearing January 4, 1896.

Rehearing refused January 4, 1897.

---

The opinion of the court was delivered by

BREAUX, J.    The defendant instituted a suit to foreclose on mortgage notes, executed by plaintiff for fifteen thousand eight hundred dollars.    The bank held these notes as pledges to secure an indebtedness of S. J. Zeigler, the original holder.

The plaintiff obtained an injunction to restrain the defendant from foreclosing the mortgage on the ground that he is not indebted to the pledgor, Zeigler, and that, as the notes were pledged after maturity, they are subject to all offsets and equities.

It is not disputed that the mortgage notes were pledged after their maturity.    In consequence the defendant must meet the issues raised by plaintiff.

Vance, the plaintiff, carried on in connection with Wyche, under the name of Vance & Wyche, a plantation store.    He was in addition engaged in planting.

From 1887, date of Zeigler's first account, to 1893 he had the entire confidence of his young brother-in-law, the plaintiff.

The balance on account, rendered at different times to the plaintiff, was large.

The plaintiff claims that some of the items were improperly charged to him and that certain credits have not been given him on Zeigler's books.

The accounts of Vance and Wyche with Perrin and Zeigler were closed by note.

S. W. Vance's account with Perrin and Zeigler for 1888 was closed by note.

After the dissolution of the commercial firm of Vance & Wyche the balance against this firm was charged to Vance, the plaintiff, with Vance's consent, the defendant contends.

Zeigler testifies that in July of that year the amount of plaintiff's indebtedness having increased more than he had anticipated that it would increase, for that reason other mortgages were taken.

In February, 1890, Zeigler says that plaintiff's indebtedness was

so large that he requested a partial payment; that he, plaintiff, finally agreed to borrow an amount, and with that object in view they called on Jacobs, of the defendant bank, who consented to make the loan on the collateral security offered, provided Ziegler executed a note for the amount with the collaterals attached. He further states as a witness that he explained to the lender that it was not for himself but for the plaintiff, to enable him to make a partial payment. He says further that the ten thousand dollars in cash borrowed were received and placed to the credit of Vance & Wyche's account and a receipt given; that a short time afterward a statement was rendered to them showing that it was to their credit.

The plaintiff was present at this interview; he denies, however, that the loan was for his account.

At the maturity of the note it was paid by the maker Zeigler and the collaterals were returned to him. Afterward, on the 7th of April, 1892, he gave the collateral security previously taken up by him to the bank as collateral to secure an indebtedness then incurred by Zeigler to the bank. Zeigler failed in 1892, a short time after this loan.

It is claimed in this suit on the part of the defendant that it has the right to compel Vance to pay the notes held by it as collateral security.

One of the grounds of defence is that the notes held by the bank were given Zeigler only to secure payment of advances to plaintiff for the year 1889.

That out of the crop of that year he shipped cotton sufficient to pay these advances and thereby satisfied the note and mortgage. Another ground of defence is, that without reference to the proceeds of the crop of that year Vance was not indebted to Zeigler on the 7th of April, 1892.

In stating the facts of the case it becomes necessary to return to the accounts and give consideration to the different items upon which balances are based.

Perrin and Zeigler's accounts rendered prior to March 14, 1888, show a balance due by Vance, which should have been charged, he urges, to Mrs. M. B. G. Vance, his mother, and plaintiff—i. e., half to each, as they were partners for whom the payments had been made by Zeigler.

It is claimed that he is entitled to other amounts as credits than those allowed in the accounts in evidence.

The amounts improperly charged as averred by plaintiff, Vance, are the following, viz.:

| | | |
|---|---|---|
| 1888. | | |
| April 2—8. Self, should be, it is contended, Wash. Vance | $360 | 00 |
| May 5—9. Miss Molly Vance | 43 | 00 |
| August 1—10. G. W. Sentell & Co., for Wash. Vance | 200 | 00 |
| November 10—11. G. W. Sentell & Co., for Wash. Vance | 250 | 00 |
| November 5—13. Miss C. Vance, only one-third of amount charged, due by plaintiff, it is claimed | 66 | 66 |
| November 5—14. Interest | 242 | 37 |
| November 5—15. Interest | 436 | 81 |
| November 5—16. Interest | 78 | 47 |
| 1889. | | |
| February 5—12. Interest | 200 | 50 |
| | $1,830 | 81 |

The witness Zeigler admits that all items charged in plaintiff's account as money remitted G. W. Sentell & Co. was to pay the expenses of plaintiff's brother, a minor, and that it should not have been charged to plaintiff, Vance. It was done, he says, through a misunderstanding of the book-keeper.

We will later recur to the other items of this account.

Taking up the account of 1889; here, also, it is charged that many of the items are not due by the plaintiff, and he claims that others should be placed to his credit. In addition to those carried in the name of Sentell & Co. for Wash. Vance, the following are claimed, as having been improperly charged:

| | | |
|---|---|---|
| November 27—No. 19. M. B. G. Vance | $60 | 80 |
| September 12—No. 22. Note due April 1, 1889, given in error for Perrin and Zeigler account | 3,800 | 66 |
| September 12—No. 23. Interest | 318 | 92 |
| September 12—No. 24. Interest | 222 | 90 |

The note stated will be considered later.

The only item not a remittance to Sentell & Co. for Wash. Vance is an entry November 7, No. 28: Remittance to Miss C. Vance.

To this item we have found no reference in the testimony.

The following are the items charged in 1891, which are, plaintiff alleges, erroneously charged:

| | | | | | |
|---|---|---|---|---|---|
| January | 20— | No. | 29. | Account of Vance & Wyche | $1,766 18 |
| " | " | " | 30. | Difference in interest | 1,992 25 |
| February 21. | | " | 31. | Interest on notes | 1,100 00 |
| March | 2. | " | 32. | G. W. Sentell & Co | 200 00 |
| " | 25. | " | 33. | Miss Molly | 76 00 |
| July | " | " | 34. | E. Jacobs, part on note | 600 00 |
| " | " | " | 35. | Interest | 796 00 |
| " | " | " | 36. | Miss Vance | 9 00 |
| " | " | " | 37. | G. W. Sentell & Co., for Wash. Vance | 115 30 |
| " | " | " | 38. | Interest | 963 70 |

The Wash. Vance items were deducted in the account as having been erroneously charged.

.The question arises shall we deduct from the account of Zeigler all the items plaintiff asserts are incorrectly charged to his account, and charge him (Zeigler) with the amounts proven correct, for which he has not heretofore given plaintiff credit?

As to the latter, it does not admit of question; they must be charged.

It is a matter of detail that will receive attention in the decree.

As to the former,.the evidence is conflicting. It remains that the burden of proof is with the plaintiff, Vance, and that, with the exception of his own testimony on this point, the evidence sustains defendant's position.

The orders of Vance were not written so as to enable Zeigler to separate the items. On their face they were for the. account of the one by whom signed. Accounts were rendered, and no objection was made.

A meeting was held at the town of Benton in March, 1893. There were present at this meeting the plaintiff and members of his family. They were represented by counsel and no objection was made to these items. As to Wash. Vance's indebtedness it was explained by Zeigler as a witness that S. W. Vance would give orders to remit moneys to Wash. Vance. The former's indebtedness increased to such an extent that he inquired of S. W. Vance if those items were not properly chargeable to the account of Wash. Vance? He assented to a change, charging to the latter. At the meeting of 1893 these credits had been given to S. W. Vance, who did not claim any other credits.

This witness, Zeigler, further says that S. W. Vance always said that he was keeping these accounts against the before named members of his family, and that they owed him a great deal. He also states as a witness that he would have much preferred to charge those items to the mother and sister of Vance, as they were solvent and he had cause to fear that Vance was not. He was not given needful information to make such a charge, he did not know that the items were for them, but was led to believe by Vance that they were for his own account. This testimony is corroborated in part by that of the book-keeper who kept the books and made the entries of these items.

S. W. Vance testifies: "The debits on these accounts were for different things, such as improvements, items charged erroneously on Zeigler's account and other things. It was goods that were charged to me and to Vance & Wyche that was for them. I kept an account in the books so that I would have a settlement with all of them."

As to the commercial firm (Vance & Wyche) there is evidence of record that the change in the account from Vance & Wyche to Vance was made with the consent of S. W. Vance; moreover, Vance was responsible for the whole debt without the necessity of any consent.

Vance knew that his creditor had pledged these claims and he never objected. He was, at least, present when the loan on pledge was discussed with the pledgee Jacobs. Zeigler and his pledgee acted upon the faith of the correctness of these charges.

Concluding upon this point, we quote from the testimony of S. W. Vance: "When we could get goods from Hicks & Co., and pay for them by orders on Zeigler, we would not inform him for whom we were getting the goods, but would make the proper charges on our books." Zeigler positively denies that he was ever informed of purchases for any other than the plaintiff himself.

The following items do not seem to be disputed: Numbers 8 (as above), 9, 10, 11, 12, 13, 21, 28.

As relates to item 22, the note is subject to the deduction of amounts erroneously charged; the same is true of item 29.

Item 39 also is erroneous. Interest on Zeigler's indebtedness to Jacobs, or to the defendant, should not be charged to the plaintiff. For the same reason item 34 is also erroneous.

The foregoing all relate to the account of Perrin and Zeigler transferred to the latter.

On another, the account (Abstract B) due Zeigler, growing out of transactions personal in character, there seems to be no dispute about the rent of December 1, 1887, (1) Coushatta plantation, year 1887, $166; December 11, (2) Coushatta plantation, $100; December 11, (3) one-third rent Haynes place, 1888, $150; January 1, (4) Improvement South Buck Hall. That is, that these items should, as erroneous, be deducted.

Item 5, January 1, 1889, also for improvement of South Buck Hall, is admitted by Zeigler in answer to interrogatories.

Item 6 also should be corrected; February 26, 1889, by allowing credit to plaintiff on note transferred by Zeigler to Perrin; amount not credited and balance due on the note held by the succession representatives against Zeigler as maker.

Items 9 and 10 are charged on account, seem to us correct, by plaintiff and cover December, 1889, rent Haynes place, $150; December, 1889, rent Coushatta, $70.

A credit of $12,000 is claimed for two notes, secured by mortgage given by Vance to Zeigler in 1891 in pledge by the holder to the Merchants and Farmers Bank. We do not find it possible to determine the value of these mortgage notes at this time.

The insolvency of the maker does not seem to be questioned and there is no evidence of record showing the value of the property.

The maker will be entitled to the credit remaining after his indebtedness will have been settled; for whatever balance there may be. It is not, in our judgment, chargeable against Zeigler or his transferee at this time. There is variance in the testimony relating to the deed of trust of land in Arkansas. We do not think that we would be justified in decreeing that plaintiff be credited at this time.

The value of the pledged property is not shown. After settling and paying the amount of his indebtedness the plaintiff will be entitled to the pledged property not applied to the payment of his debt.

It is admitted that plaintiff should be charged with thirteen hundred dollars rent for 1891, and a sum of five hundred and eleven dollars and eleven cents; amount of a judgment of Dreyfous & Co. with which Zeigler should be charged, and which Vance does not contest.

The plaintiff has introduced testimony to prove that the notes held by the defendant had been given only to secure advances for 1889.

It will be borne in mind that ten thousand dollars was the sum borrowed and placed to plaintiff's credit, or to plaintiff and Wyche, the commercial firm. This loan plaintiff says was paid by shipment and sale by Zeigler of the crop of 1889, as acknowledged, he asserted, by Zeigler himself.

This position is controverted, and Zeigler denies that he made such an acknowledgment. As a naked original proposition, the testimony on this point is against him—plaintiff.

This acknowledgment in the course, as we understand, of a friendly conversation does not absolutely conclude the parties.

Vance vs. Bank.

. From the facts we gather that Vance did not demand his notes thus deposited as collateral; that he executed other mortgage notes for a large amount, and placed them in the hands of his creditors without any consideration whatever, unless it was to secure the indebtedness. The crop of 1889 amounted to about six thousand seven hundred dollars. The difference between the advance and the amount of the crop was due by the plaintiff.

The conclusion does seem reasonable that, as between the defendant and Zeigler, the former owns the latter's right on the accounts, notes and mortgage, and that for the balance due Vance, plaintiff is indebted to the defendant bank.

After the plaintiff will have secured all his rights, and all proper deductions will have been made, it can not be of great concern to him whether he pays Zeigler or the defendant.

In calculating the interest, plaintiff complains of the amount of interest and of the compound interest charged.

These calculations were made years ago. We do not think we are authorized to strike out the interest entirely.

In making needful deductions to carry out our decree, the interest charged on the amount deducted must also be deducted.

In conclusion, our summary is:

Deduct items 8, 9, 10, 11, 13, 14, 15, 16, 12, 19, 29, 30, 33, 34, 36, 37.

That all interest charged on amount deducted be also deducted at the rate charged.

The plaintiff is entitled to credit of the following not given on accounts rendered:

1887.
December 1—1. One-sixth rent Coushatta, year 1887.................................................$166  00
1888.
December 2—2. One-sixth rent Coushatta, year 1888 ......................................  100  00
December 2—3. One-third rent Haynes Place, year 1888...........................  150  00
1889.
January 1—4. Improvement South Buck Hall...................................................  250  00
January 1—5. Improvement South Buck Hall ...................................................  250  00
February 26—6. Credit which should have been given on the R. W. Vance
    note:
    Credit admitted on paper (R. 114, 1-2).........................................  436  00
    Rent of Haynes Place (R. 114, 1-2)............................................  150  00
    Rent of Coushatta......................................................................  70  00
1892.
February 13-15. One-eighth purchase price Haynes Place ...........................  604  00

The following claims are allowed to defendant:

Rent note ................................................................................................ $1,300  00
Judgment Dreyfous & Co........................................................................  511  11

25

The notes, each for $6000, secured by mortgage, given by Zeigler to Vance, and by Zeigler negotiated with Merchants and Farmers Bank, is left open with rights of parties reserved.

The deed of trust—lands in Arkansas—is left open also for future adjustment.

It is ordered, adjudged and decreed that the judgment appealed from is annulled, avoided and reversed.

It is ordered and adjudged that all items be deducted as stated in the foregoing opinion; that proper credits be allowed as detailed above; interest, cost and balance of indebtedness fixed in accordance with the view herein expressed.

It is further ordered, adjudged and decreed that the injunction be dissolved to the amount that the plaintiff is indebted to the defendant, after deductions as decreed; that it be made perpetual in so far as it enjoined the defendant from collecting an amount not due, as shown by balance fixed in accordance with view herein expressed.

The defendant to pay the cost of the lower court, and the plaintiff and appellee those of the appeal.


ON APPLICATION FOR A REHEARING.

We have, on this application for a rehearing, made the additional deductions on Zeigler's account and allowed the additional credits, as we think authorized under the testimony. We have reduced the interest charged, and allowed on the accounts, from 12 per cent. to 5 per cent.

With reference to the deed of trust for the Arkansas land and the two notes of six thousand dollars received by Zeigler from Vance, we do not think the mere giving these notes and deed of trust, not received in payment, authorizes us to give the credit for the face amounts of the notes and deed. We have no evidence of the value of the notes and deed, and it follows, no basis to give credits. We think the plaintiff should have such credits for the deed of trust and notes as may be established by the testimony as to their value.

We allow to plaintiff the item: January 9, 1890, improvement South Buck Hall. It was credited on statement of Zeigler, offered in evidence, but it was not credited on the account.

Amount thus allowed, two hundred and fifty dollars.

The terms of our decision already include the amount of two hun-

dred and twenty-nine dollars and ninety-five cents, items on the Wyche and Vance account which are for Wash. Vance.

The claim for five bales of cotton we do not think is sustained by the facts.

In calculating interest on balances (difference on interest charged on the account), there should be only one deduction, and not a deduction of interest prior to a change in the charge and on the amount after the change. One credit or one debit for interest.

It is therefore ordered, adjudged and decreed that the last amount shown to be due by Vance to Zeigler by the last and closing account of April 7, 1892, be diminished by deducting seven per cent. of all the interest charged to Vance on the accounts in evidence; and that the indebtedness of Vance be allowed the additional credit stated in the opinion; interest at five per cent. to be allowed on such credits, and that with these deductions and credits the indebtedness of Vance to Zeigler is hereby fixed on the basis shown to be due by said account of April 7, 1892; that the amount of indebtedness is recognized subject to the deductions and credits herein given. The balance due shall bear five per cent. interest from April 7, 1892, until payment.

It is further ordered and decreed that the indebtedness of Vance to Zeigler on account and notes thus established be reduced and credited for such amount as may be deemed ascertained to be the value of the deed of trust and two notes of six thousand dollars (if the latter has any value at all as against the property previously mortgaged); said value to be ascertained by testimony on the appropriate proceeding to establish such value.

In establishing the value of these notes, due regard is to be given to the rank of mortgages not affected by the rules of the commercial law relating to securities subject to equities.

Further, that plaintiff be and is hereby decreed entitled to proceed with his seizure and sale on the amount found due in accordance with this decree.

Costs of both courts to be paid by the appellees. As amended here, our decree is affirmed.

We reserve to the parties the right to apply for a rehearing.

### OPINION ON APPLICATION FOR REHEARING.

The many details in this case have made another examination necessary.

Plaintiff, in one of the statements of record, shows "to one-half
of account of S. W. and B. G. Vance, one thousand four hundred and
two dollars and fifty cents." This is an additional amount to which
the defendant is entitled.

In our opinion on the rehearing is the following:

We have reduced the interest charged from twelve per cent. to
five per cent.

In the decree by a slip of the pen the following was written:
"Diminished by deducting seven per cent. of all interest charged to
Vance." This is corrected and the decree will now read that
the reduction of interest is from twelve per cent to five per cent.
as written in the body of the opinion.

Appellant directs our attention to the ten thousand dollars loaned
by E. Jacobs.

We extract the following statement from appellee's first brief:

April 7, 1892. To balance shown by account rendered ........................ ..................$10,367 77
To one-half of account of S. W. & M. B. G. Vance, $2805, one-half .................  1,402 50

(The item allowed above.)

To credit matter, credit given Vance & Wyche ................................. ..................$10,000 00
To rent year 1891 ... ......................... ............... .................................................. 1,300 00
To judgment, Dreyfous & Co............. ..... ...................... .... ...................................... 511 01

We have heretofore decided that these $10,000 were properly
charged to Vance.

It is incumbent upon plaintiff to prove that this amount of $10,000
has been paid or settled in some way, otherwise he must stand
charged with it. His right to prove payment or settlement of this
amount is reserved. This is one of the issues upon which the judge
a quo will have to pass.

As to items as follows, viz.:

January 1, 1887. Improvements on South Buck Hall ........ ..... ......... ............ ..... $250 00
January 1, 1889. Improvements on South Buck Hall ..... .... ....................... ........... 250 00
January 1, 1890. Improvements on South Buck Hall......... .................. ............... 250 00

Vance is entitled to these three credits for these improvements—
no more.

The appellee sets forth in his brief, that five per cent., if allowa-
ble at all as commission for attorney's fees, should not exceed five
per cent. on the amount as will be fixed by decision of this court.

The fee is thus limited; that is, the fee is allowed on the amount
the court finds is due by Vance to Zeigler or his transferee.

The counsel of the appellee in his brief says:

" That the court should not require Vance to deposit these notes in court *a qua* as a condition precedent to his right to a credit for their value to be ascertained by testimony. But that, possibly, Vance might induce the holders of these notes to present them in court *a qua* on trial of proceedings to ascertain their value for purposes of identification and to show who is holder at that time."

We do not think, after further consideration, that it is essential for Zeigler, the defendant, or Vance to surrender the deed of trust or the two notes of six thousand dollars each, signed by Vance as maker.

The investigation can be held as to value and credit given to Vance of the amount of this value, without the necessity of having the papers in court.

To Zeigler is reserved the right of surrendering the notes and deed of trust, and upon that surrender of being relieved from having the claim reduced on account of the notes and deed of trust being outstanding.

But if he does not produce and surrender the said notes and deed of trust, then, in that case, the value is to be ascertained, and he is to be charged with their value as ascertained.

It is therefore ordered, adjudged and decreed that prior decrees are in force save as amended in this decree.

That the sum of fourteen hundred and two dollars and fifty cents is allowed as an additional credit to defendant.

That the reduction of interest is from 12 per cent. to 5 per cent.— *i. e.*, interest at rate of 5 per cent. is to be computed, instead of 12 per cent.

It is further ordered, adjudged and decreed that right is reserved to plaintiff to prove that the ten thousand dollars loaned by Jacobs to Zeigler, and by the latter to Vance & Wyche, and subsequently charged to Vance have been paid or settled.

It is further ordered, adjudged and decreed that plaintiff be allowed three years' credit for improvements of South Buck Hall.

It is also decreed that the attorney's fee be limited to 5 per cent. on the amount, when fixed by the decision of court.

And lastly, it is ordered and decreed that plaintiff be relieved from the necessity of producing and surrendering the notes of six thousand dollars each, and that Zeigler be relieved from the necessity of producing and surrendering the deed of trust.

Mortgage Co. vs. Peirce et als., Consolidated.

It is ordered that to Zeigler is reserved the right of surrendering the notes and deed of trust, and upon that surrender of being relieved from having the claim reduced (as to their value), on account of the notes and deed of trust being outstanding.

It is further ordered and decreed, if he does not produce and surrender the said notes and deed of trust, then, and in that case, the value is to be ascertained, and he (Zeigler) or defendant is to be charged with their value, as ascertained.

The questions have been argued orally and by brief; a rehearing would serve no purpose.

It is therefore refused.